1 **ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
2 Nevada Bar No. 6228
DAVID M. SEXTON, ESQ.
3 Nevada Bar No. 14951
4 6605 GRAND MONTECITO PARKWAY
SUITE 200
5 LAS VEGAS, NEVADA 89149
(702) 384-7000
6 efile@alversontaylor.com
7 *Attorneys for Plaintiffs*

8

9 **UNITED STATES DISTRICT COURT**

10 **FOR THE DISTRICT OF NEVADA**

11 LINA POSADA and LUCY PINDER          Case No. _____

12            Plaintiffs,

13      vs.

14 K-KEL, INC. d/b/a SPEARMINT RHINO
15 GENTLEMEN'S CLUB                    **COMPLAINT**

16            Defendant.              **(Jury Trial Demanded)**

17

18        COME NOW Plaintiffs LINA POSADA and LUCY PINDER (collectively, "Plaintiffs"

19 or "Models"), by and through undersigned counsel, and for Complaint against Defendant K-

20 KEL, INC. d/b/a SPEARMINT RHINO GENTLEMEN'S CLUB ("Defendant" or "Spearmint

21 Rhino") respectfully allege as follows:

22                        **BACKGROUND**

23        1.      The following is an action for damages and injunctive relief relating to

24 Defendant's misappropriation and unauthorized publication of the image and likeness of Plaintiff

25 Models, who are professional models, in order to promote its strip club, Spearmint Rhino

26 Gentlemen's Club ("Spearmint Rhino" or, the "Defendant").

27

28

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

2.      As detailed below, Defendant's unauthorized use of Plaintiff Models' images, photos, and likenesses (collectively, "Image") constitutes, at minimum: a) violation of section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B), which prohibits false or misleading use of a person's image for purposes of advertising; and b) violation of Nevada's Right of Publicity statute, NRS 597.810, which protects a person's right to privacy and publicity.

3.      Defendant has pirated the images, likeness, and/or identity of each Plaintiff Model for purely self-serving commercial purposes – to advertise, promote, and market Defendant's own business interests on websites and social media accounts owned, operated, hosted, or controlled by Defendant.

4.      Defendant is an unapologetic, chronic, and habitual infringer.

5.      Defendant never sought consent or authority to use any of the Plaintiffs' images for any purpose.

6.      No Plaintiff ever agreed, nor would any Plaintiff have agreed, to Defendant's use of her image, likeness, and/or identity.

7.      Had each Plaintiff been afforded the opportunity to consider whether to consent and release rights as to the use of any image, each Plaintiff would have promptly and unequivocally declined.

8.      Defendant's conduct is therefore misleading and deceptive by falsely and fraudulently representing that each Plaintiff Model depicted in the misappropriated images is somehow affiliated with Defendant; has contracted to perform at and/or participate in events at Spearmint Rhino; has been hired to promote, advertise, market or endorse its events and other activities offered at Spearmint Rhino; and/or that each Plaintiff depicted in the promotional materials and social media and/or Internet posts has attended or will attend each event and has participated in or intends to participate in the activities advertised.

KB/86

9.      Defendant's conduct is also injurious to each Plaintiff Model.

10.     Defendant circumvented the typical arms-length negotiation process entirely and intentionally pirated the images. In doing so, Defendant has utterly deprived each Plaintiff the right and ability to say "no."

11.     Defendant has prevented each Plaintiff from engaging in arms-length negotiations regarding the terms and conditions of use of their images, including the term of any release, remuneration per image or use, or the ability to decline the business opportunity entirely.  In short, Defendant deprived each Plaintiff the ability to protect her image, brand, and reputation.

12.     In the end, Defendant gained an economic windfall by using the images of professional and successful models for Defendant's own commercial purposes, luring and enticing patrons worldwide to view the images and visit Spearmint Rhino, without having to compensate the models for such usage.  Plaintiffs, however, sustained injury to their images, brands, and marketability by shear affiliation with Spearmint Rhino, a strip club operated by Defendant.

13.     Having operated a business in the strip club industry, Defendant is well aware of the standard negotiation process over terms of use, conditions of release, licensing issues, and other contractual incidences related to use and exploitation of images for Defendant's commercial benefit.

14.     Much more than merely a misuse in connection with an innocuous brand or event, Defendant embarrassed Plaintiffs by associating their Images with Spearmint Rhino.

15.     In addition to the actual, punitive, and exemplary damages set forth below, Plaintiff Models likewise seek an Order from this Court permanently enjoining Defendant from using the images, likeness, and/or identity of each Plaintiff Model to promote Spearmint Rhino, via any medium.

KB/86

**JURISDICTION AND VENUE**

16.     This Court has original federal question jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 as Plaintiffs have each individually stated claims under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)–(B).  This Court has supplemental jurisdiction over the Nevada state law claims alleged herein pursuant to 28 U.S.C. § 1367.

17.     The Court has personal jurisdiction over Defendant based on their contact with the State of Nevada, including but not limited to Defendant's registration to conduct business in Nevada, their physical location and principal place of business in Nevada, and upon information and belief, Defendant committed, facilitated, assisted, encouraged or conspired to commit the actions giving rise to the harm and damages alleged herein in the State of Nevada.

18.     According to publicly available records, Defendant K-KEL, INC. is a Corporation organized under the laws of the State of Nevada doing business as a strip club under the name "Spearmint Rhino Gentlemen's Club" in Las Vegas, Nevada.

19.     Venue is proper in the United States District Court for the District of Nevada because Clark County is the principal place of business for Defendant. Venue is also proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in Clark County in the District of Nevada.

20.     All parties have minimum contacts with Clark County, a significant portion of the alleged causes of action arose and accrued in Clark County, Nevada, and the center of gravity for a significant portion of all relevant events alleged in this Complaint is predominately located in Clark County.

/ / /

/ / /

/ / /

KB/86

**PARTIES**

**A.**   **Plaintiffs**

21.     Given the multitude of violations harming the Plaintiff models, in the interest of judicial economy, Plaintiffs, through counsel, respectfully consolidate all actionable violations presently known into this single collective action (with distinct claims per each model) on behalf of the following models.

22.     Plaintiff LINA POSADA ("Posada") is, and at all times relevant to this action was, a well-known professional model and a resident of San Bernardino County, California.

23.     Plaintiff LUCY PINDER ("Pinder") is, and at all times relevant to this action was, a well-known professional model and a resident of the United Kingdom.

**B.**   **Defendant**

24.     According to publicly available records, Defendant K-KEL, INC. is a Corporation organized under the laws of the State of Nevada doing business as a strip club under the name "Spearmint Rhino Gentlemen's Club" in Las Vegas, Nevada. Defendant owns and operates a strip club under the name Spearmint Rhino Gentlemen's Club located at 3340 South Highland Drive, Las Vegas, Nevada 89109.

25.     Spearmint Rhino holds, and at all times relevant has held, itself out as an operator of a strip club that engages in the business of entertaining its patrons with strippers, alcohol, and food.

26.     Spearmint Rhino owns and/or operates www.spearmintrhinolv.com, as well as other social media accounts and websites, such as https://www.facebook.com/TheRhinoLV, Instagram with username "therhinolv", and Twitter with username "@TheRhinoLV" through which they advertise their business, events, and parties.  For many of these events, images of one or more of the models were used to market and promote the events.

5

KB/86

27.     Upon information and belief, Spearmint Rhino coordinated their promotional, Internet, and social media activities through active and dynamic use of their Facebook and other social media accounts and website.

## FACTUAL ALLEGATIONS

**A.     Standard and Customary Business Practices in the Modeling Industry Require Arms-Length Negotiations over the Terms and Conditions of Usage and Remuneration for any Modeling Images**

28.     As set forth immediately below, Plaintiff Models were extremely well-known professional models who earned a livelihood modeling and selling images to companies, magazines, and individuals for the purpose of advertising, endorsing, or promoting products and services.

29.     Plaintiff Models' careers in the modeling industry placed a high degree of value on good will and reputation, which was critical in order to maximize earning potential, book modeling contracts, and establish individual brands.  In furtherance of establishing, and maintaining their brands, Plaintiff Models were necessarily selective concerning the companies, and brands, for which they chose to model.

30.     Being vigilant and proactive about protecting one's reputation is therefore of paramount importance.

31.     Plaintiff Models are professional models who earn a living by promoting their image and likeness to select clients, commercial brands, media and entertainment outlets, as well as relying on reputation and brand for modeling, acting, hosting, and other opportunities.

32.     Plaintiff Models careers in the modeling, acting, and/or private enterprise has value stemming from the goodwill and reputation each has built, all of which is critical to establishing an individual brand, being selected for modeling contracts, and maximizing earnings.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

33.     Each Plaintiff Model has worked to establish herself as reliable, reputable, and professional.

34.     Each Plaintiff Model must necessarily be vigilant in protecting her "brand" from harm, taint, or other diminution.  In furtherance of establishing, and maintaining her brands, each Plaintiff Model was necessarily selective concerning the companies and brands for which she chose to model.

35.     Any improper or unauthorized use of an image, likeness, or identity could substantially injure the career and career opportunities of each Plaintiff Model.

36.     In the modeling industry, models such as the Plaintiffs typically do not have a single employer, but rather work on an independent contractor basis for different agents or entities.  Each Plaintiff Model is a responsible professional in the ordinary course.  Each Plaintiff Model seeks to control the use and dissemination of her image and, thus, actively participates in vetting and selecting modeling, acting, brand spokesperson, or hosting engagements.

37.     A model's vetting and selection of a professional engagement involves a multi-tiered assessment, requiring the model to:

a.     determine whether the individual or entity seeking a license and release of a model's image, likeness, or identity is reputable, has reputable products or services, and, through affiliation, would enhance or harm a model's stature or reputation;

b.     use this reputational information in negotiating compensation which typically turns on the work a model is hired to do, the time involved, travel, and how her image is going to be used (among other variables);

c.     protect her reputation and livelihood by carefully and expressly defining the terms and conditions of use; and

/ / /

7

<u>KB/86</u>

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

d.    reduce and memorialize the negotiated deal into an integrated, written agreement which defines the parties' relationship.   Endorsing, promoting, advertising, or marketing the "wrong" product, service, or corporate venture, or working in or being affiliated with a disreputable industry can severely impact a model's career by limiting or foreclosing future modeling or brand endorsement opportunities.   Conversely, association with high-end companies, products, or magazines can enhance and amplify a model's earning potential and career opportunities by making a model more sought after and desirable.

38.    For these reasons, *even if* a model chose to jeopardize her career for a compromising engagement – such as appearing in an advertisement for a strip club – the fee she would charge would necessarily far exceed the fee typically charged for more mainstream and reputable work.

**B.    Defendant has Misappropriated Each Plaintiff's Image, Likeness and/or Identity Without Authority, for Self-Serving Commercial Gain and Without Offering or Paying Compensation to any Plaintiff**

39.    Defendant operates a Las Vegas-based strip club under the name Spearmint Rhino Gentlemen's Club where it engages in the business of selling alcohol and food in an atmosphere were nude and/or semi-nude women entertain the business' clientele.

40.    Spearmint Rhino does this for its own commercial and financial benefit.

41.    As set forth below, each Plaintiff Model's image, likeness, and/or identity has been misappropriated by or at the direction of Defendant.  Defendant's conduct creates the false and misleading appearance and impression that each Plaintiff either works for Defendant, has appeared and participated, or will appear and participate in activities or events at Spearmint Rhino, and/or has agreed and consented to advertise, promote, market, or endorse Spearmint Rhino or Spearmint Rhino's events or activities.

/ / /

KB/86

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

42.   Plaintiff Models have personal and proprietary interest in their right to privacy and publicity arising out of their persona and likeness contained within their images. Plaintiff Models' interest is separate and apart from any copyright claim that may or may not exist to the photographs that encompass Plaintiff Models' Images. Plaintiff Models' persona, in the form of their likeness, is not copyrightable and their rights of publicity are independent of any copyright. *See e.g. Downing v. Abercrombie Fitch*, 265 F. 3d 994, 1005 (9th Cir. 2001).

43.   To the extent any copyright (or some other "right" for that matter) may exist for photograph depicting Plaintiff Models' Images, Plaintiff Models allege that Defendant has totally and completely destroyed any such copyright by morphing, editing, or otherwise altering the original photographs.

44.   The manner in which Defendant used Plaintiff Models' Images suggests to the public that Plaintiff Models are promoting or otherwise endorsing Defendant's establishment with the goal of increasing Spearmint Rhino's visibility, driving clientele to attend the advertised events, and to otherwise increase revenue and drive profits.

45.   Spearmint Rhino has used, advertised, created, printed, and distributed the images of Plaintiffs, as further described and identified above, to create the false impression with potential clientele that Plaintiff Models either worked at, or endorsed, Spearmint Rhino.

46.   Spearmint Rhino used Plaintiff Models' Images, and created the false impression that they worked at or endorsed Spearmint Rhino in order to receive certain benefits, including but not limited to: monetary payments; increased promotional opportunities, advertising, marketing, and other public relations benefits; notoriety; publicity; as well as an increase in business revenue, profits, proceeds, and income.

/ / /

/ / /

KB/86

47.     As Spearmint Rhino was at all times aware, at no point have Plaintiff Models ever been affiliated with or employed by Spearmint Rhino, and at no point have Plaintiff Models ever endorsed Spearmint Rhino.

48.     All of Spearmint Rhino's activities, including its misappropriation of Plaintiff Models' images, and publication of them, were done without the knowledge or consent of Plaintiff Models, and Spearmint Rhino did not compensate Plaintiff Models for its use of their images. As such, Plaintiff Models have never received any benefit for Spearmint Rhino's use of their images.  Defendant used Plaintiff Models' images without their consent, and without providing remuneration, in order to permanently deprive the Plaintiff Models of their right to determine the use their images.

49.     Upon information and belief, Defendant has taken the foregoing actions with the intent of causing irreparable harm to each of the Plaintiff Models.

### *Plaintiff Lina Posada*

50.     Posada is, and at all times relevant to this action was, a fashion model and designer.   A native of Barranquilla, Colombia, Posada best known as a model for the *Besame* and *Espiral* lingerie collections.   Posada has also modeled for *Paradizia Swimwear, Babalú Swimwear, Irgus Swimwear, Ujeans*, as well as many others. She has over 500,000 YouTube views, approximately 5,700 Twitter followers, over 8,300 Facebook followers, and over 93,200 Instagram followers. [1]

51.     In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Posada negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

///

---

[1] In today's world of modeling, the number of online "followers" or "likes" is a strong factor in determining the earning capacity of a model and in establishing the notoriety (fame) of a model.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

10                    KB/86

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

52.     Posada's image, likeness, and/or identity are depicted in at least one photograph, enclosed as **Exhibit A** to the Complaint, which was posted on social media on at least one occasion (and has remained publically posted since those initial posting, constituting a continuous and ongoing harm) to create the false perception that Posada has consented or agreed to promote, advertise, market, and/or endorse Spearmint Rhino. Specifically, on or about March 30, 2015, Posada's image (posed in a black and white photo with black lingerie and heels) was uploaded to Spearmint Rhino's Facebook account with intent to promote and market Defendant's strip club. The Image of Posada was posted with the following caption: "#rhinogirls make the world go round! #bachelorparties #Vegas #nightlife #strippers #vip #bottleservice #vegasbound." The same Image of Posada, with the same caption, was uploaded to Spearmint Rhino's website and/or Google+ account on or about June 24, 2015 with the same caption. The use of the image falsely implied that Posada represents Defendant's strip club and that she authorized Spearmint Rhino to use her image for promotional and marketing purposes. The image was used without the consent of Posada and was manipulated to intentionally give the impression that Posada is a spokesperson for Spearmint Rhino, working at Spearmint Rhino, and/or that she endorses Spearmint Rhino.

53.     Posada's image, likeness, and/or identity in **Exhibit A** is being used as advertising, and on social media.

54.     Defendant's unauthorized use of Posada's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendant; further, the manner in which Defendant used the subject image was ongoing and continuous in that any person visiting Defendant's Facebook account could view, access, and even download the image from the date it was first posted until present.  During the entire timeframe that Defendant used

/ / /

11                                                      KB/86

55.     Posada's image and likeness, they did so unlawfully, without authorization and consent, and Posada suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

56.     Posada has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Spearmint Rhino or any Spearmint Rhino event.

57.     Defendant never sought permission or authority to use Posada's image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Spearmint Rhino, or any Spearmint Rhino event.

58.     Posada never gave permission, assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Spearmint Rhino, or any Spearmint Rhino event.

59.     Defendant neither offered nor paid any remuneration to Posada for the unauthorized use of her image, likeness, or identity.

60.     Defendant's use of Posada's image, likeness, and/or identity in connection with Spearmint Rhino impugns Posada's character, embarrasses her, and suggests – falsely – her support and endorsement of Defendant's establishment.

61.     Defendant's improper use of Posada's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Posada's image in their market activities and business. In doing so, Defendant has further damaged Posada.

### *Plaintiff Lucy Pinder*

62.     Pinder is, and at all times relevant to this action, was an English model, actress, host, businesswoman and one of Great Britain's most famous glamour models. Pinder has featured in publications such as *FHM, Nuts, Loaded and the Daily Star,* and hundreds of others.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

Pinder has appeared on *FHM's* list of the "100 Sexiest Women in the World" in 2005, 2006 and 2007. Pinder was a guest columnist in *Nuts*, entitled "The Truth About Women" and appeared on the final edition of *Nuts* magazine cover. Pinder has collaborated with major brands such as Unilever (Lynx) and Camelot (National Lottery) and others, and on large national and international advertising campaigns. Pinder has an established and developing acting career with many TV appearances and Film credits. Pinder has appeared on shows such as *I'm Famous and Frightened, Soccer AM, Weakest Link, Nuts Tv (host) MTV's TMF (presenter), Hotel Babylon,* and *Team and Bo!* in the USA. Pinder was also a contestant on *Celebrity Big Brother*. Pinder had starring roles in films such as *The Seventeenth Kind, Age of Kill,* and *Warrior Savitri*. Pinder works closely with a number of Wildlife charities and is involved in fundraising for 'Tiger Time, The David Shepherd Wildlife Foundation and International Animal Rescue". Pinder has also worked with *Help for Heroes* appearing in the *Hots Shots* fund raising calendar and supported Male Cancer Awareness Campaign taking part in their MCAC London Strut awareness initiative. She also visited troops in Afghanistan in 2007. Pinder's own annual calendar continues to be one of the bestselling model calendars year after year and enhances Pinder's status as an elite class of Social Media Influencers with a combined total of over 2 million followers on Facebook, Instagram and Twitter.

63.     In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Pinder negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

64.     Pinder's image, likeness, and/or identity are depicted in at least one photograph, enclosed as **Exhibit B** to the Complaint, which was posted on Spearmint Rhino's website and/or social media on at least one occasion (and has remained publicly posted since those initial posting, constituting a continuous and ongoing harm) to create the false perception that Pinder

has consented or agreed to promote, advertise, market, and/or endorse Spearmint Rhino. Specifically, on or about September 12, 2015, Pinder's image (posed in a pink shirt with a milkshake) was uploaded to Spearmint Rhino's website and/or social media accounts with intent to promote and market Defendant's strip club. The Image of Pinder was accompanied by the following caption: "Happy National Chocolate Milkshake Day! #rhinogirls #vegas #vegasbound #bestofLasVegas #vip #party #bachelorparty #stag." The use of the image falsely implied that Pinder represents Defendant's strip club and that she authorized Spearmint Rhino to use her image for promotional and marketing purposes. The image was used without the consent of Pinder and was manipulated to intentionally give the impression that Pinder is a spokesperson for Spearmint Rhino, working at Spearmint Rhino, and/or that she endorses Spearmint Rhino.

65.     Pinder's image, likeness, and/or identity in **Exhibit B** is being used as advertising, and on Spearmint Rhino's website and/or social media.

66.     Defendant's unauthorized use of Pinder's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendant; further, the manner in which Defendant used the subject image was ongoing and continuous in that any person visiting Defendant's website and/or Facebook account could view, access, and even download the image from the date it was first posted until present.  During the entire timeframe that Defendant used Pinder's image and likeness, they did so unlawfully, without authorization, and consent, and Pinder suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

67.     Pinder has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Spearmint Rhino or any Spearmint Rhino event.

/ / /

ALVERSON TAYLOR & SANDERS

LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

68.     Defendant never sought permission or authority to use Pinder's image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Spearmint Rhino, or any Spearmint Rhino event.

69.     Pinder never gave permission, assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Spearmint Rhino, or any Spearmint Rhino event.

70.     Defendant neither offered nor paid any remuneration to Pinder for the unauthorized use of her image, likeness, or identity.

71.     Defendant's use of Pinder's image, likeness, and/or identity in connection with Spearmint Rhino impugns Pinder's character, embarrasses her, and suggests – falsely – her support and endorsement of Defendant's establishment.

72.     Defendant's improper use of Pinder's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Pinder's image in their market activities and business. In doing so, Defendant has further damaged Pinder.

## CAUSES OF ACTION

*Plaintiff Lina Posada's Causes of Action*
*against Defendant K-Kel, Inc. and Kevin Kelly*

## POSADA COUNT I
**(Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising)**

73.     Posada re-alleges paragraphs 1 – 21, 22, 24 - 49, and 50 – 60 above, and incorporates the same by reference as though fully set forth herein.

74.     Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Posada from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature,

/ / /

characteristics, qualities, or geographic origin of his or her or another person's goods, services or commercial activities…." 15 U.S.C. § 1125(a)(1)(B).

75.     Defendant used Posada's image, likeness and/or identity as described herein without authority in order to create the perception that Posada worked at or was otherwise affiliated with Spearmint Rhino, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Spearmint Rhino, and/or Spearmint Rhino events and activities.

76.     Defendant's use of Posada's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Spearmint Rhino, and/or Spearmint Rhino events and activities as described in this Complaint was false and misleading.

77.     Defendant's unauthorized use of Posada's image, likeness and/or identity as described in this Complaint constitutes false advertising by suggesting or implying, among other things, that Posada worked at or was otherwise affiliated with Spearmint Rhino, endorsed Defendant's businesses, Spearmint Rhino or Spearmint Rhino events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Spearmint Rhino events and activities and/or that Posada would participate in or appear at the specific events promoted in the advertisements.

78.     Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Spearmint Rhino, as to the general quality of attendees and participants of Spearmint Rhino and in their events, as well as specifically whether Posada worked at or was otherwise affiliated with Spearmint Rhino, endorsed Defendant's businesses, Spearmint Rhino or Spearmint Rhino events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Spearmint Rhino events and activities.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

79.   Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Posada worked at or was otherwise affiliated with Spearmint Rhino, endorsed Defendant's businesses, Spearmint Rhino or Spearmint Rhino events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Spearmint Rhino events and activities. Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Spearmint Rhino, visit Spearmint Rhino, and participate in events at Spearmint Rhino and had a material effect and impact on the decision of members and prospective members and participants to join Spearmint Rhino, visit Spearmint Rhino, and take part in the events at Spearmint Rhino.

80.   Defendant's advertisements, promotions and marketing of Spearmint Rhino and events at Spearmint Rhino occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media, and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Spearmint Rhino events.

81.   Defendant's unauthorized use of Posada's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Spearmint Rhino and their activities and attracting clientele to Spearmint Rhino.

82.   Defendant knew or should have known that their unauthorized use of Posada's image, likeness and/or identity would cause consumer confusion as described in this Complaint.

83.   Defendant's unauthorized use of Posada's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

KB/86

84.     Defendant's wrongful conduct as described herein was willful.

85.     As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

86.     Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Posada of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Posada.

87.     The method and manner in which Defendant used the image of Posada further evinces that Defendant was aware of, or consciously disregarded, the fact that Posada did not consent to Defendant's use of the image to advertise Defendant's businesses.

88.     Defendant had caused irreparable harm to Posada, her reputation, and brand by attributing to Posada the strip club lifestyle and activities at Spearmint Rhino.

89.     Defendant's unauthorized use of Posada's image, likeness, and/or identity directly and proximately caused and continue to cause damage to Posada in an amount to be determined at trial.

        **WHEREFORE**, Posada respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## POSADA COUNT II
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Endorsement)

90.     Posada re-alleges paragraphs 1 – 21, 22, 24 - 49, and 50 – 60 above, and incorporates the same by reference as though fully set forth herein.

91.     Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Posada from the conduct described herein.

18

KB/86

92.     Defendant used Posada's image in order to create the false impression with the public that Posada either worked at Defendant's strip club, or endorsed Defendant's businesses. This was done to promote and attract clientele to Spearmint Rhino, and thereby generate revenue for Defendant.

93.     Thus, this was done in furtherance of Defendant's commercial benefit.

94.     Posada is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Posada's images in magazines and online. By virtue of Posada's use of her image and identity to build her brand, she has acquired a distinctiveness through secondary meaning. Posada's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

95.     Both Posada and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

96.     As such, an unauthorized use of Posada's image to promote a strip club created an undeniable confusion in Defendant's consumers' minds, which lead to competitive injury to Posada. There is no doubt that Defendant used Posada's image for advertising purposes, that is to promote their business enterprises, as such, Defendant's unauthorized and unlawful use of Posada's image and likeness was an existing intent to commercialize an interest in Posada's image and likeness.

/ / /

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

97.     Defendant's use of Posada's image, likeness, and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Posada's fans and present and prospective clients into believing that Spearmint Rhino advertisements are endorsed by Posada, or sponsored, approved by, or associated with Posada.

98.     Despite the fact that Defendant were at all times aware that Posada neither worked at, nor endorsed their strip club, nevertheless, they used Posada's image in order to mislead potential customers as to Posada's employment at and/or affiliation with Spearmint Rhino.

99.     Defendant knew that their use of Posada's image would cause consumer confusion as to Posada's sponsorship and/or employment at Spearmint Rhino.

100.    Upon information and belief, Defendant's use of Posada's image did in fact cause consumer confusion as to Posada's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

101.    As a direct and proximate result of Defendant's actions, Posada has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Posada's image, likeness, and/or identity, or how Posada's image, likeness, and/or identity is being depicted by Defendant.

102.    Further, any failure, neglect, or default by Defendant will reflect adversely on Posada as the believed source of origin, sponsorship, approval, or association thereof, hampering efforts by Posada to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Posada.

103.    Due to Defendant's unauthorized use of Posada's image, Posada has been damaged in an amount to be determined at trial.

KB/86

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

**WHEREFORE**, Posada respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

<u>**POSADA COUNT III**</u>
**(Violation of Nevada's Right of Publicity Statute – NRS 597.810)**

104.   Posada re-alleges paragraphs 1 – 21, 22, 24 - 49, and 50 – 60 above, and incorporates the same by reference as though fully set forth herein.

105.   Posada has a right of publicity under Nevada's Right of Publicity statute—NRS 597.810.

106.   Defendant may not use the name, voice, signature, photograph or likeness of Posada for any commercial use without first having obtained her written consent for that use.

107.   As set forth herein, Defendant has violated Posada's right to publicity by invading Posada's privacy, misappropriating her likeness, and publishing on Defendant's social media outlets, the altered image, likeness, and/or identity of Posada, as it appears in **Exhibit A**, which made it appear as though Posada was employed at Spearmint Rhino, or endorsed Defendant's strip club, or any Spearmint Rhino events or activities.

108.   Defendant's unauthorized use of Posada's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendant; further, the manner in which Defendant used the subject image was ongoing and continuous in that any person visiting Defendant's Facebook account could view, access, and even download the image from the date it was first posted until present.

109.   Posada is informed and believes and herein alleges that Defendant posted and publicized her image and likeness in a manner that was hidden, inherently undiscoverable, or

<u>KB/86</u>

inherently unknowable, in that Defendant published her image and likeness on social media threads that, over time, are (for example, but not limited to) "pushed" down in time from immediate visibility.

110.    Posada is further informed and believes and herein alleges that discovery will prove that Defendant's republicized Posada's image and likeness on various occasions, via different mediums, after the initial date of the posting of her image and likeness (March 30 and June 24, 2015) and through the filing of this complaint.

111.    Posada is informed and believes and herein alleges that Defendant's republication of Posada's image and likeness was altered so as to reach a new audience and/or promote a different product.

112.    Despite the clear language of NRS 597.810, and at all relevant times, Defendant published, printed, displayed, and/or publicly used Posada's image, likeness, and/or identity on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising, and marketing Spearmint Rhino and/or Spearmint Rhino events and activities.

113.    The respective social media outlets were designed to attract business and generate revenue for Spearmint Rhino.

114.    Upon information and belief, Defendant's use of Posada's image, likeness and/or identity did in fact attract clientele and generate business for Spearmint Rhino.

115.    At all relevant times and at no point, did Defendant ever receive permission or consent, be it written or otherwise, to use Posada's image, likeness, and/or identity on the Spearmint Rhino social media outlets or for any other use or matter associated with Spearmint Rhino.

/ / /

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

116.   Defendant took these actions without Posada's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Posada's image, likeness and/or identity to advertise, promote, market or endorse Defendant's businesses, Spearmint Rhino or any Spearmint Rhino event or activities or for any other use.

117.   Posada never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness and/or identity to advertise, promote, market or endorse Defendant's businesses, Spearmint Rhino or any Spearmint Rhino event or activity.

118.    Defendant was at all relevant times aware that they never received Posada's permission or consent to use her Image on any website or social media account, or on any other medium, in order to promote Spearmint Rhino.

119.   At no point did Defendant ever compensate Posada for its use of her image, likeness, and/or identity.

120.   No applicable privilege or authorization exists for Defendant's use of Posada's Image.

121.   Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Posada's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Complaint.

122.   Defendant caused irreparable harm to Posada, her reputation, and brand by attributing to Posada the strip club lifestyle and activities at Spearmint Rhino.

123.   Defendant has also damaged Posada as a direct and proximate result of their unauthorized use of Posada's image, likeness and/or identity without compensating Posada.

124.   Due to Defendant's violation of Posada's rights of privacy and publicity under NRS 597.810, Posada has been damaged in an amount to be determined at trial, but in all events

KB/86

not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

125.   In addition, Posada hereby requests an Order permanently enjoining Defendant from violating Posada's right to privacy and publicity.

126.   In addition, Posada hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant's knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Posada respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits, and other relief deemed just and proper by this Court.

### POSADA COUNT IV
**(Negligence and *Respondeat Superior*)**

127.   Posada re-alleges paragraphs 1 – 21, 22, 24 - 49, and 50 – 60 above, and incorporates the same by reference as though fully set forth herein.

128.   Posada is further informed and believes and herein alleges that Defendant maintains or *should have maintained* employee policies and procedures which govern the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the *unauthorized and non-consensual use* of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes.

129.   Further, Defendant should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

130.   Defendant owed a duty of care to Posada to ensure that their advertising and promotional materials and practices did not infringe on her property and publicity rights.

131.   Defendant further owed a duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

132.   Defendant breached their duty of care to both Posada and consumers by failing to either adhere to, or implement, policies and procedures to ensure that the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

133.   Defendant further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with federal and Nevada law, were not violated.  Defendant breached their duty of care to Posada and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

134.   Defendant's breach was the proximate cause of the harm Posada suffered when her Image was published without her consent, authorization and done so in a false, misleading, and/or deceptive manner.

135.   As a result of Defendant's negligence, Posada has suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

/ / /

/ / /

/ / /

/ / /

25

*Plaintiff Lucy Pinder's Causes of Action*
*against Defendant K-Kel, Inc. and Kevin Kelly*

**PINDER COUNT I**
**Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising**)

136.   Pinder re-alleges paragraphs 1 – 21, 23, 24 – 49, and 61 – 71 above, and incorporates the same by reference as though fully set forth herein.

137.   Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Pinder from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . . ." 15 U.S.C. §1125(a)(1)(B).

138.   Defendant used Pinder's image, likeness and/or identity as described herein without authority in order to create the perception that Pinder worked at or was otherwise affiliated with Spearmint Rhino, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Spearmint Rhino, and/or Spearmint Rhino events and activities.

139.   Defendant's use of Pinder's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Spearmint Rhino, and/or Spearmint Rhino events and activities as described in this Complaint was false and misleading.

140.   Defendant's unauthorized use of Pinder's image, likeness and/or identity as described in this Complaint constitutes false advertising by suggesting or implying, among other things, that Pinder worked at or was otherwise affiliated with Spearmint Rhino, endorsed Defendant's businesses, Spearmint Rhino, or Spearmint Rhino events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market

///

KB/86

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

Defendant's businesses or Spearmint Rhino events and activities and/or that Pinder would participate in or appear at the specific events promoted in the advertisements.

141.   Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Spearmint Rhino, as to the general quality of attendees and participants of Spearmint Rhino and in their events, as well as specifically whether Pinder worked at or was otherwise affiliated with Spearmint Rhino, endorsed Defendant's businesses, Spearmint Rhino, or Spearmint Rhino events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Spearmint Rhino events and activities.

142.   Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Pinder worked at or was otherwise affiliated with Spearmint Rhino, endorsed Defendant's businesses, Spearmint Rhino, or Spearmint Rhino events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Spearmint Rhino events and activities. Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Spearmint Rhino, visit Spearmint Rhino, and participate in events at Spearmint Rhino and had a material effect and impact on the decision of members and prospective members and participants to join Spearmint Rhino, visit Spearmint Rhino, and take part in the events at Spearmint Rhino.

143.   Defendant's advertisements, promotions and marketing of Spearmint Rhino and events at Spearmint Rhino occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the

/ / /

KB/86

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

World Wide Web, social media, and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Spearmint Rhino events.

144.    Defendant's unauthorized use of Pinder's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Spearmint Rhino and their activities and attracting clientele to Spearmint Rhino.

145.    Defendant knew or should have known that their unauthorized use of Pinder's image, likeness and/or identity would cause consumer confusion as described in this Complaint.

146.    Defendant's unauthorized use of Pinder's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

147.    Defendant's wrongful conduct as described herein was willful.

148.    As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

149.    Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Pinder of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Pinder.

150.    The method and manner in which Defendant used the image of Pinder further evinces that Defendant was aware of or consciously disregarded the fact that Pinder did not consent to Defendant's use of the image to advertise Defendant's businesses.

151.    Defendant had caused irreparable harm to Pinder, her reputation, and brand by attributing to Pinder the strip club lifestyle and activities at Spearmint Rhino.

152.    Defendant's unauthorized use of Pinder's image, likeness, and/or identity directly and proximately caused and continue to cause damage to Pinder in an amount to be determined at trial.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

**WHEREFORE**, Pinder respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

**PINDER COUNT II**
**(Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Endorsement)**

153.   Pinder re-alleges paragraphs 1 – 21, 23, 24 – 49, and 61 – 71 above, and incorporates the same by reference as though fully set forth herein.

154.   Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Pinder from the conduct described herein

155.   Defendant used Pinder's image in order to create the false impression with the public that Pinder either worked at Defendant's strip club, or endorsed Defendant's businesses. This was done to promote and attract clientele to Spearmint Rhino, and thereby generate revenue for Defendant.

156.   Thus, this was done in furtherance of Defendant's commercial benefit.

157.   Pinder is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Pinder's images in magazines and online. By virtue of Pinder's use of her image and identity to build her brand, she has acquired a distinctiveness through secondary meaning. Pinder's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

**ALVERSON TAYLOR & SANDERS**
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

158.   Both Pinder and Defendant compete in the entertainment industry, use similar marketing channels, and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

159.   As such, an unauthorized use of Pinder's image to promote a strip club created an undeniable confusion in Defendant's consumers' minds, which lead to competitive injury to Pinder. There is no doubt that Defendant used Pinder's image for advertising purposes, that is to promote their business enterprises, as such, Defendant's unauthorized and unlawful use of Pinder's image and likeness was an existing intent to commercialize an interest in Pinder's image and likeness

160.   Defendant's use of Pinder's image, likeness, and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association, which has deceived Pinder's fans, and present and prospective clients, into believing that Spearmint Rhino advertisements are endorsed by Pinder, or sponsored, approved or associated with Pinder.

161.   Despite the fact that Defendant was at all times aware that Pinder neither worked at, nor endorsed their strip club, nevertheless, they used Pinder's image in order to mislead potential customers as to Pinder's employment at and/or affiliation with Spearmint Rhino.

162.   Defendant knew that their use of Pinder's image would cause consumer confusion as to Pinder's sponsorship and/or employment at Spearmint Rhino.

163.   Upon information and belief, Defendant's use of Pinder's image did in fact cause consumer confusion as to Pinder's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

164.   As a direct and proximate result of Defendant's actions, Pinder has no control over the nature and quality of the line of products or services provided by Defendant, the nature

///

KB/86

of the advertisements depicting Pinder's image, likeness, and/or identity, or how Pinder's image, likeness, and/or identity is being depicted by Defendant.

165.   Further, any failure, neglect or default by Defendant will reflect adversely on Pinder as the believed source of origin, sponsorship, approval, or association thereof, hampering efforts by Pinder to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Pinder.

166.   Due to Defendant's unauthorized use of Pinder's image, Pinder has been damaged in an amount to be determined at trial.

**WHEREFORE**, Pinder respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## PINDER COUNT III
### (Violation of Nevada's Right of Publicity Statute – NRS 597.810)

167.   Pinder re-alleges paragraphs 1 – 21, 23, 24 – 49, and 61 – 71 above, and incorporates the same by reference as though fully set forth herein.

168.   Pinder has a right of publicity under Nevada's Right of Publicity statute—NRS 597.810.

169.   Defendant may not use the name, voice, signature, photograph or likeness of Pinder for any commercial use without first having obtained her written consent for that use.

170.   As set forth herein, Defendant has violated Pinder's right to publicity by invading Pinder's privacy, misappropriating her likeness, and publishing on Defendant's website and/or social media outlets, the altered image, likeness, and/or identity of Pinder, as it appears in

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

**Exhibit B**, which made it appear as though Pinder was employed at Spearmint Rhino, or endorsed Defendant's strip club, or any Spearmint Rhino events or activities.

171.   Defendant's unauthorized use of Pinder's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendant; further, the manner in which Defendant used the subject image was ongoing and continuous in that any person visiting Defendant's Facebook account could view, access, and even download the image from the date it was first posted until present.

172.   Pinder is informed and believes and herein alleges that Defendant posted and publicized her image and likeness in a manner that was hidden, inherently undiscoverable, or inherently unknowable, in that Defendant published her image and likeness on social media threads that, over time, are (for example, but not limited to) "pushed" down in time from immediate visibility.

173.   Pinder is further informed and believes and herein alleges that discovery will prove that Defendant's republicized Pinder's image and likeness on various occasions, via different mediums, after the initial date of the posting of her image and likeness (September 12, 2015) and through the filing of this complaint.

174.   Pinder is informed and believes and herein alleges that Defendant's republication of Pinder's image and likeness was altered so as to reach a new audience and/or promote a different product.

175.   Despite the clear language of NRS 597.810, and at all relevant times, Defendant published, printed, displayed, and/or publicly used Pinder's image, likeness, and/or identity on their website and/or social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising, and marketing Spearmint Rhino and/or Spearmint Rhino events and activities.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

176.   The respective website and social media outlets were designed to attract business and generate revenue for Spearmint Rhino.

177.   Upon information and belief, Defendant's use of Pinder's image, likeness and/or identity did in fact attract clientele and generate business for Spearmint Rhino.

178.   At all relevant times and at no point, did Defendant ever receive permission or consent, be it written or otherwise, to use Pinder's image, likeness, and/or identity on the Spearmint Rhino social media outlets or for any other use or matter associated with Spearmint Rhino.

179.   Defendant took these actions without Pinder's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Pinder's image, likeness and/or identity to advertise, promote, market or endorse Defendant's businesses, Spearmint Rhino or any Spearmint Rhino event or activities or for any other use.

180.   Pinder never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness and/or identity to advertise, promote, market or endorse Defendant's businesses, Spearmint Rhino or any Spearmint Rhino event or activity.

181.    Defendant was at all relevant times aware that they never received Pinder's permission or consent to use her Image on any website or social media account, or on any other medium, in order to promote Spearmint Rhino.

182.   At no point did Defendant ever compensate Pinder for its use of her image, likeness, and/or identity.

183.   No applicable privilege or authorization exists for Defendant's use of Pinder's Image.

184.   Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Pinder's image, likeness, and/or identity

ALVERSON TAYLOR & SANDERS

LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Complaint.

185.   Defendant caused irreparable harm to Pinder, her reputation, and brand by attributing to Pinder the strip club lifestyle and activities at Spearmint Rhino.

186.   Defendant has also damaged Pinder as a direct and proximate result of their unauthorized use of Pinder's image, likeness, and/or identity without compensating Pinder.

187.   Due to Defendant's violation of Pinder's rights of privacy and publicity under NRS 597.810, Pinder has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

188.   In addition, Pinder hereby requests an Order permanently enjoining Defendant from violating Pinder's right to privacy and publicity.

189.   In addition, Pinder hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Pinder respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## PINDER COUNT IV
### (Negligence and *Respondeat Superior*)

190.   Pinder re-alleges paragraphs 1 – 21, 23, 24 – 49, and 61 – 71 above, and incorporates the same by reference as though fully set forth herein.

191.   Pinder is further informed and believes and herein alleges that Defendant maintains or *should have maintained* employee policies and procedures which govern the use of

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the *unauthorized and non-consensual use* of intellectual property, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

192.   Further, Defendant should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

193.   Defendant owed a duty of care to Pinder to ensure that their advertising and promotional materials and practices did not infringe on her property and publicity rights.

194.   Defendant further owed a duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

195.   Defendant breached their duty of care to both Pinder and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

196.   Defendant further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with federal and Nevada law, were not violated.  Defendant breached their duty of care to Pinder and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

197.   Defendant's breach was the proximate cause of the harm Pinder suffered when her Image was published without her consent, authorization and done so in a false, misleading, and/or deceptive manner.

KB/86

198.   As a result of Defendant's negligence, Pinder has suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

### DEMAND FOR JURY TRIAL

199.   Plaintiffs demand a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, each Plaintiff individually respectfully prays that this Court grant Judgment to each Plaintiff, respectively, and against Defendant, jointly and severally, in an amount to be determined at trial aggregated across all Plaintiffs and as follows:

1.   For damages as provided in 15 U.S.C. § 1125(a);

2.   For attorneys' fees and costs of suit, as provided for in 15 U.S.C. § 1117;

3.   For an order permanently enjoining Defendant from using Plaintiffs' Images to promote the Club;

4.   For actual damages according to proof;

5.   For general damages according to proof;

6.   For special damages according to proof;

7.   For consequential damages according to proof;

8.   For reasonable attorneys' fees and costs as permitted by law;

9.   For prejudgment interest and royalties at the legal rate;

10.   For such other relief as this Court deems just and proper; and

/ / /

/ / /

/ / /

/ / /

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

KB/86

11.     For punitive damages, in an amount to be determined at trial.

DATED this 21st day of June, 2019.

ALVERSON TAYLOR & SANDERS


/s/ Kurt R. Bonds_____
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
DAVID M. SEXTON, ESQ.
Nevada Bar No. 14951
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Plaintiffs*